UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:18-cv-14126-RLR

SILVER STREAK TRAILER COMPANY,
LLC, a Florida limited liability company,

        Plaintiff/Counter-Defendant,

v.

THOR INDUSTRIES, INC., a Delaware
corporation and THOR TECH, INC., a Nevada
corporation,

        Defendants/Counter-Claimants,

v.

PHILLIP DILLON, an individual, and ELINA
DILLON, an individual,

        Third Party Defendants.
_____/

## DEFENDANTS' MOTION TO EXCEED PAGE LIMITATION ON MOTION TO DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION [D.E. 44]

    Defendants, Thor Industries, Inc. and Thor Tech, Inc., (collectively referred to herein as "Thor"), respectfully move this Court for permission to exceed the page limits by seven pages for its Motion to Dismiss Case for Lack of Subject Matter Jurisdiction [D.E. 44]. In support, Thor states as follows:

    1.    As set forth in detail in Thor's Motion to Dismiss, Plaintiff, Silver Streak Trailer Co., LLC ("Silver Streak"), and its principal, Elina Dillon, have grossly misrepresented to the public their production of new Silver Streak Clipper trailers. Discovered at deposition just two weeks ago, Plaintiff is essentially an RV hobbyist and its production of travel trailers is merely

Ms. Dillon's "vision" (her term), a "hypothetical" having no basis in reality. Despite two years of false claims, Plaintiff has not even completed a prototype.

2. Further, Plaintiff deceived its Facebook followers into donating money to a "GoFundMe" page to pay its legal fees in this case, all under the false pretenses that it was on the verge of producing trailers when it received Thor's letter requesting that it refrain from infringing Airstream's trade dress.

3. Plaintiff is neither a market participant nor a soon-to-be market participant, and it seeks a purely advisory opinion without any bona fide interest or standing to challenge Airstream's 80+ year old trade dress rights.

4. Misrepresentations to the Court permeate the initial and First Amended Complaint.

5. Under the overwhelming weight of authority, there are no legal grounds for a declaratory judgment action, and no basis whatsoever for subject matter jurisdiction.

6. In accordance with Thor's concurrently filed Motion to Stay Proceedings, <u>all proceedings in this case should be immediately stayed</u> pending the Court's consideration of this Motion.

7. The Motion to Dismiss contains numerous record citations necessary for the Court to properly evaluate whether it has subject matter jurisdiction.

8. The full extent of Plaintiff's misrepresentations and inability to ever bring a product to market could not be briefly outlined.

9. It was also important to detail applicable cases for the Court's consideration.

BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000 Fort Lauderdale, Florida 33301
*t:* 954-525-9900  *f:* 954-523-2872

10. For ease in reading, Thor elected to double space the Motion rather than use 1½ line spacing. Thor also did not "crunch" the headings and sections.

11. Rather than requiring us to do either of those things, we respectfully request that the Court allow Thor to file its Motion to Dismiss with 27 substantive pages, or seven over the limit set forth in the rules.

WHEREFORE, Thor Industries, Inc. and Thor Tech, Inc. respectfully request the Court enter an Order granting leave to exceed the page limits of Local Rule 7.1(c)(2) and allow the filing of its Motion to Dismiss to be 27 substantive pages.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that he has conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in this Motion and has been advised that Plaintiff opposes the relief requested herein.

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties listed below.

BERGER SINGERMAN LLP
*Counsel for Defendants Thor Industries, Inc. and Thor Tech Inc.*
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872

-3-

BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000 Fort Lauderdale, Florida 33301
*t:* 954-525-9900  *f:* 954-523-2872

>                                           By: /s/ Matthew S. Nelles
>                                               Matthew S. Nelles
>                                               Florida Bar No. 009245
>                                               mnelles@bergersingerman.com
>                                               E. Adriana Kostencki
>                                               Florida Bar No. 84507
>                                               akostencki@bergersingerman.com

Robert Thornburg, Esq.
E-Mail: rthornburg@allendyer.com
Joshua B. Spector, Esq.
E-Mail: jspector@allendyer.com
Cameron C. Murphy, Esq.
E-Mail: cmurphy@allendyer.com
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
*Attorneys for Plaintiff*